S.I.R.P.R.

**FILED - GR**

February 4, 2026 10:05 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: JW / K-4

## UNITED STATES DISTRICT COURT
## Western District of Michigan

**1:26-cv-371**
Robert J. Jonker
U.S. District Judge

Brandon Dale Olson™, Plaintiff

v.

City of Muskegon Heights; Muskegon County; Muskegon Heights Police Department;

Administrator Benjamin Ruby; Clerk Renee Middlestadt; Rueda-Rodriguez Maria known
Muskegon Heights Officer(s), *Officer 1 + 2*

Defendants, in their official and individual capacities

Case No.: _____

### FEDERAL CIVIL RIGHTS COMPLAINT

42 U.S.C. §§ 1983, 1985, 1986; Constitutional Violations; FOIA Violations; Trademark
Violations; Defamation; Due Process Violations

### INTRODUCTION

Plaintiff Brandon Dale Olson™ brings this action to address ongoing violations of his
constitutional rights, including due process, equal protection, the right to petition the government,
and the right to be free from unlawful seizure. These violations arise from a sequence of events
occurring in October and November 2025 in Muskegon Heights and Muskegon County, during
which Plaintiff was subjected to an unlawful traffic stop, the suppression of properly submitted
court filings, obstruction of access to public records, and the conduct of a judicial hearing before
a magistrate who failed to identify himself and acted without lawful authority.

The actions and omissions of the named Defendants—including city officials, judicial officers,
clerical staff, and law enforcement—demonstrate a pattern of disregard for Plaintiff's
constitutional rights. Plaintiff files this complaint to remedy these violations, to obtain declaratory
and injunctive relief, and to ensure that no further harm is inflicted through retaliation,
concealment, or the continuation of unlawful practices.

This case presents issues central to the administration of justice: the transparency of courts, the
integrity of judicial proceedings, the public's right to access records, and the fundamental
requirement that officials act within the bounds of their lawful authority. Plaintiff seeks relief not
only for the violations already committed but also to prevent further injury in light of the
Defendants' ongoing conduct

## I. JURISDICTION & VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the First, Fourth, Fifth, and Fourteenth Amendments, as well as 42 U.S.C. §§ 1983 and 1985. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) because Plaintiff seeks redress for the deprivation of civil rights under color of state law.

Jurisdiction is further proper under the Freedom of Information Act (FOIA) concerning the refusal to provide public records that Plaintiff lawfully requested, including judicial oaths, qualifications, and video/audio evidence pertaining to official conduct.

Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(b) because all underlying events, acts, and omissions occurred within Muskegon County, which lies within this federal district.

## II. PARTIES

Plaintiff Brandon Dale Olson™ is a living man domiciled in Muskegon, Michigan. Plaintiff is the victim of multiple constitutional violations arising from an unlawful traffic stop, suppression of filings, FOIA obstruction, and a judicial hearing conducted without a lawfully identified magistrate. Plaintiff asserts his rights under the Constitution and seeks relief for the harms suffered.

Defendant Magistrate Cavan Berry :

Defendant Magistrate Berry is a judicial officer of the 60th District Court in Muskegon County. On November 20, 2025, Berry presided over Plaintiff's hearing without identifying himself on the record, despite Plaintiff entering a Zoom meeting assigned to Magistrate John W. Wiewiora. Berry muted Plaintiff repeatedly, refused to address jurisdictional challenges, and conducted a proceeding without lawful notice or authority. His actions deprived Plaintiff of due process and rendered the proceeding void.

Defendant Judge Kenneth S. Hoopes:

Defendant Judge Kenneth S. Hoopes is a judge of the 14th Circuit Court in Muskegon County. Judge Hoopes failed to act on Plaintiff's filings, including a properly submitted motion for default related to the underlying case. Judge Hoopes had a legal duty to ensure access to the courts and due process. His inaction, combined with the clerical suppression of filings, contributed to Plaintiff's deprivation of rights.

Defendant Clerk Renee Middlestadt:

Defendant Clerk Renee Middlestadt is the Clerk of the 60th District Court. She suppressed Plaintiff's filings by failing to docket affidavits, jurisdictional challenges, and notices that were time-stamped and received. Middlestadt stated the case would 'go into default' but never processed it. Her actions obstructed Plaintiff's access to the courts and violated his rights under the First and Fourteenth Amendments.

Defendant Administrator Benjamin Ruby:

Defendant Administrator Benjamin Ruby is responsible for administrative operations at the Muskegon County courthouse. Ruby failed to respond to inspection notices, denied Plaintiff's right to access public records, and contributed to systemic obstruction that prevented Plaintiff from exercising his right to petition for redress.

Defendant Officer Rueda-Rodriguez Maria:

Defendant Officer Rodriguez is an officer of the Muskegon Heights Police Department. Rodriguez conducted an unlawful traffic stop on October 5, 2025, without probable cause, reasonable suspicion, or evidence of any crime. The stop was purely statutory and led to an unlawful seizure in violation of Plaintiff's Fourth Amendment rights.

Defendant City of Muskegon Heights and Muskegon Heights Police Department:

Defendant City of Muskegon Heights and the Muskegon Heights Police Department are municipal entities responsible for their officers' actions and for maintaining policies, customs, and practices that directly contributed to the violations suffered by Plaintiff, including failure to train, failure to supervise, and tolerance of constitutional misconduct.

## III. FULL FACTUAL BACKGROUND

### A. October 5, 2025 — Unlawful Stop, Seizure, and Rights Violated

1. On October 5, 2025, Plaintiff was peacefully traveling in Muskegon Heights, committing no crime, harming no one, and exercising the fundamental right to locomotion — an inherent liberty beyond government permission.

2. Despite no crime, no injured party, and no legal basis to interfere with his liberty, Plaintiff was suddenly seized by Defendant Officer Rodriguez.

3. There was no probable cause, no reasonable suspicion, no warrant, and no lawful authority to justify the stop. The interaction was initiated solely under color of

statutory code, not constitutional law.

4. This was not a "traffic safety" stop, nor any legitimate investigatory stop. It was a government-created engagement, imposed on a peaceful man without cause.

5. Plaintiff asked what crime he had committed and what lawful basis supported the intrusion. Defendant Rodriguez provided none.

6. Plaintiff was unlawfully detained, questioned, and compelled into an involuntary encounter, violating his Fourth Amendment freedom from unreasonable seizure.

7. The stop was conducted in a manner demonstrating disregard for Plaintiff's rights, including his right to travel, his right to be free from coercion absent probable cause, and his right to be treated with the dignity guaranteed to every American.

8. This event marked the beginning of a chain of unconstitutional acts that escalated from misconduct into outright judicial fraud, suppression of filings, and denial of fundamental access to justice.

## B. October 7–23, 2025 — Plaintiff Files Affidavits and Notices; Court Illegally Suppresses Them

9. On October 7, 2025, Plaintiff exercised his constitutional right to petition the government by filing multiple lawful documents with the 60th District Court, including: (Exhibit B)

   o An Affidavit of Status

   o A Jurisdictional Challenge

   o A Notice of Constitutional Rights

   o A Demand for Proof of Authority

   o A Notice of Estoppel by Silence

10. Each filing was properly prepared, lawful, time-stamped, and accepted by court staff. Under law, this means they were officially received into the case.

11. However — despite being time-stamped — none of these filings were added to the docket, processed, or presented to any judicial officer.
    This was not an accident. This was deliberate suppression.

12. Defendant Clerk Renee Middlestadt, whose legal duty is to maintain an accurate court record, refused to enter the filings despite being required by law to do so.

13. When Plaintiff inquired about the filings, Clerk Middlestadt made the shocking statement that she was "letting the case go into default," yet no default was ever entered, and the filings were never honored.

14. This means the Clerk intentionally created a false appearance that Plaintiff did not respond or challenge the case — a direct violation of Plaintiff's due process rights.

15. The suppression of Plaintiff's filings prevented him from having any meaningful opportunity to present jurisdictional objections, facts, or defenses.

16. Under constitutional principles and long-established law, unrebutted affidavits stand as truth.
The Court knew this. Defendants knew this.
And instead of rebutting them, the Court blocked them.

17. This conduct amounts to obstruction of justice, tampering with public records, and denial of the right to access the courts, all of which violate the First and Fourteenth Amendments.

18. The suppression of filings was not an isolated error — it was the second event in a pattern of ongoing constitutional violations culminating in the fraudulent November 20 hearing.

## C. October 7–23, 2025 — FOIA Requests Filed; Defendants Obstruct, Delay, and Conceal Required Records

19. On October 7, 2025, Plaintiff submitted multiple Freedom of Information Act (FOIA) requests to both the City of Muskegon Heights and Muskegon County. These requests sought critical public records necessary to understand the officers' and court's legal authority, including: (Exhibit D)

- Body-camera and dash-camera footage from the unlawful stop

- Police reports or incident documentation

- Oaths of office for all officers and magistrates involved

- Judicial delegation of authority

- Court bonds, liability policies, and authorizing credentials

- Any records showing lawful jurisdiction over Plaintiff

20. These documents are public records. They must exist by law.
    They must be produced upon request.
    No exceptions apply.

21. Instead of complying with the law, Defendants obstructed Plaintiff's requests
    through a combination of:

- Unlawful fees

- Blanket denials

- Delayed responses

- Claims that documents "do not exist"

- Failure to meet statutory deadlines

- Total silence past required response periods

22. Muskegon Heights claimed certain records "could not be located," despite the fact
    that the body-camera footage and police reports must exist for any lawful stop to
    occur.

23. Muskegon County failed to provide judicial oaths, delegated authority documents,
    magistrate credentials, or bonds — documents that are required for any judicial
    officer to legally act. (Exhibit H)

24. Plaintiff lawfully filed a FOIA lawsuit on October 23, 2025, due to the government's
    refusal to produce even the most basic documents. (Exhibit E)

25. Instead of remedying their prior violations, Defendants continued obstructing
    access to public records, demonstrating intentional concealment, not simple
    administrative error.

26. Plaintiff's statutory right to obtain public records was violated, as was his
    constitutional right to access information necessary to challenge unlawful
    government action.

27. The obstruction of FOIA requests directly led to Plaintiff being deprived of:

- The ability to verify any lawful authority

- The ability to confirm whether the magistrate was legally commissioned

- The ability to inspect evidence related to the alleged violation

- The ability to prepare his defense

- The ability to hold public officials accountable

28. FOIA exists to protect citizens from secret government actions.
    Defendants responded by operating in secrecy and withholding everything Plaintiff needed to protect his rights.

29. This pattern of concealment — beginning October 7 and continuing every day thereafter — set the stage for the fraudulent and unlawful hearing on November 20, 2025.

## D. November 2025 — Plaintiff Receives Hearing Notice Assigned to Magistrate John W. Wiewiora (Exhibit A)

30. In early November 2025, Plaintiff received an official court notice informing him that a hearing was scheduled for November 20, 2025.

31. The hearing notice clearly identified Magistrate John W. Wiewiora as the assigned presiding officer.
    This is a matter of legal significance:
    A defendant must be notified which judicial officer will preside so they can verify the judge or magistrate's authority, credentials, and oath.

32. The notice included an official Zoom link, which contained:

- Magistrate Wiewiora's full legal name

- His courtroom number

- His Zoom meeting ID

- His official court meeting credentials

33. Plaintiff prepared for the hearing under the reasonable expectation that he would appear before the judicial officer listed on the notice — as required by due process.

34. At no point did the court issue:

- a re-assignment notice,

- a substitution notice,

- an amended hearing notice,

- or any communication stating that a different magistrate would preside.

35. Plaintiff had no notice that any other magistrate or judicial officer would be involved in the proceeding.

36. Due process requires meaningful notice — not surprise substitutions, hidden officers, or bait-and-switch tactics.

37. The hearing notice assigned to Magistrate Wiewiora is therefore a central piece of evidence proving that any later change was unlawful, concealed, and intentionally hidden from Plaintiff.

38. Plaintiff, acting in full good faith, attended the hearing via the Zoom link provided by the court itself, expecting to encounter Magistrate Wiewiora as the law and notice required.

39. What happened next was an unprecedented violation of Plaintiff's rights, and the strongest evidence of fraud upon the court.

## E. November 20, 2025 — Hearing Conducted by an Unidentified Magistrate Without Required Notice or Authority (Exhibit G)

40. Plaintiff incorporates all preceding paragraphs as though fully stated herein.

41. On November 20, 2025, Plaintiff appeared at the scheduled Zoom hearing using the exact link and courtroom credentials provided by the 60th District Court, which identified Magistrate John W. Wiewiora as the assigned judicial officer.

42. Upon joining, Plaintiff observed that the individual presiding did not identify himself, did not state his name, did not announce any substitution, and did not disclose his authority, oath, or jurisdiction.

43. judicial officers are required to identify themselves on the record; failure to do so renders the tribunal structurally defective and deprives the litigant of the ability to verify authority.

44. Plaintiff was improperly prevented from:

- asserting constitutional rights,

- challenging jurisdiction,

- requesting identification,

- presenting filings, and

- seeking verification of authority.

45. Because the presiding officer failed to identify himself, Plaintiff had no way to know who was adjudicating the matter, whether the officer was properly assigned, or whether he held valid oath, bond, or jurisdiction.

46. Plaintiff asked whether the proceeding was being conducted "on the record." The presiding officer responded that he "did not know what that meant," indicating procedural irregularity and a lack of judicial competence.

47. The presiding officer ultimately declared Plaintiff "not responsible," yet the hearing itself violated core due-process guarantees including:

- the right to a properly identified judicial officer,

- the right to be heard,

- the right to challenge jurisdiction,

- the right to a transparent tribunal, and

- the right to participate meaningfully in the proceeding.

48. Although the outcome favored Plaintiff, the proceeding was constitutionally defective. Under MCR 2.003, Michigan case law, and controlling due-process authority including In re Murchison (U.S. Supreme Court), Johnson v. Zerbst (U.S. Supreme Court), and Ex parte Craig (6th Cir.), a hearing conducted by an unidentified judicial officer, without notice of substitution, without opportunity to verify lawful authority, and while the litigant is muted or prevented from being

heard, is a structural due-process violation that renders the proceeding void ab initio.

49. What was presented as a routine hearing was, in fact, a structurally improper proceeding conducted outside the bounds of lawful judicial practice.

### F. Post-Hearing Confirmation of Identity of the Presiding Officer

50. After the November 20, 2025 hearing, Plaintiff received the official written disposition from the 60th District Court. This document was the first definitive confirmation that the individual who presided over the proceeding was Magistrate Berry, not Magistrate John W. Wiewiora, who had been assigned on the notice of hearing.

51. During the hearing, the presiding officer never stated his name on the record, never identified himself as a magistrate, and never advised Plaintiff that any substitution from the assigned judicial officer had occurred. Without a verbal identification, Plaintiff could not determine who the adjudicator was, nor verify the officer's authority.

52. Although the name "Berry" appeared in the Zoom participant list, the mere presence of a name in a virtual interface does not satisfy the constitutional or procedural requirement of on-record judicial identification. Due process requires that the judicial officer announce their identity so litigants can confirm jurisdiction, oath, bond, and authority to preside.

53. Because no such identification occurred, Plaintiff had no opportunity during the hearing to verify the presiding officer's credentials, to challenge jurisdiction, or to confirm that Berry was lawfully assigned to the matter.

54. Only after receiving the written disposition did Plaintiff learn that Magistrate Berry had actually presided. This post-hearing discovery confirms that Plaintiff was subjected to a proceeding conducted by a judicial officer whose identity and authority were not properly established at the time of adjudication.

55. A tribunal conducted by an unidentified judicial officer is constitutionally deficient, violates the most basic elements of judicial transparency, and deprives the litigant of the ability to ensure that the proceeding is lawful.

56. The failure to identify the presiding magistrate on the record, coupled with the absence of lawful notice of substitution, constitutes a structural due-process violation rendering the proceeding **void ab initio**.

### G. Ongoing Harm and Continuing Constitutional Violations

57. As a direct result of Defendants' actions, Plaintiff continues to suffer harm arising from the November 20, 2025 proceeding and the events leading up to it.

58. Although the outcome of the hearing was "not responsible," the underlying constitutional violations remain unresolved. Plaintiff was denied a valid tribunal, denied an opportunity to present filings, denied the ability to challenge jurisdiction, and denied meaningful participation in the proceeding.

59. These due-process failures undermine the legitimacy of the proceeding as a whole, cause ongoing uncertainty in Plaintiff's legal status, and reflect systemic practices that threaten the constitutional rights of other residents in Muskegon County.

60. Plaintiff continues to face:

- loss of confidence in local judicial procedures,

- obstruction in accessing public records,

- unanswered filings,

- unresolved jurisdictional questions,

- and ongoing denial of transparency from court staff and administration.

61. The violations described in this complaint are ongoing, as Muskegon County officials have not provided clear records, corrected the procedural defects, or taken steps to ensure future proceedings comply with constitutional standards.

62. These continuing issues reinforce the necessity of federal intervention, declaratory relief, and injunctive measures to prevent further violations of Plaintiff's rights and the rights of other citizens subjected to the same practices.

### H. Summary of Constitutional Harms

63. The actions of Defendants deprived Plaintiff of fundamental constitutional protections, including the right to a lawfully identified judicial officer, the right to be heard, the right to challenge jurisdiction, the right to access the courts, and the right to obtain public records necessary for defending oneself.

64. Plaintiff incurred harm in the form of suppressed filings, unanswered requests, procedural uncertainty, denial of transparency, emotional distress, and the inability

to meaningfully participate in a judicial proceeding.

65. These harms were not isolated errors or technical mistakes but part of a broader pattern of conduct that reflects systemic disregard for due process within Muskegon County courts and administrative offices.

66. Without federal intervention, these violations will continue to affect both Plaintiff and similarly situated individuals.

## IV. CAUSES OF ACTION

## COUNT 1 — VIOLATION OF THE FOURTH AMENDMENT (Unlawful Stop & Seizure)

Against: Officer Rodriguez, MHPD, City of Muskegon Heights

67. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

68. On October 5, 2025, Defendant Officer Rodriguez seized Plaintiff without any lawful basis.
    There was:

- no crime,

- no probable cause,

- no reasonable suspicion,

- no victim,

- no breach of the peace,

- and no lawful authority to detain Plaintiff.

69. The stop was not based on public safety or probable cause but solely on statutory code enforcement — which cannot override constitutional protections.

70. The seizure was unreasonable under the Fourth Amendment and unlawful under longstanding constitutional standards.

71. As a direct result of Defendant's actions, Plaintiff suffered loss of liberty, emotional distress, and the beginning of an ongoing pattern of constitutional abuse.

72. The City of Muskegon Heights and its Police Department maintain policies and practices that allow such unlawful stops, making them responsible under **Monell**

## COUNT 2 — VIOLATION OF THE FOURTEENTH AMENDMENT (Denial of Due Process)

**Against: Clerk Middlestadt, Magistrate Berry, Administrator Ruby, Judge Hoopes, Muskegon County**

73. Plaintiff incorporates all preceding paragraphs.

74. On October 7, 2025, Plaintiff filed lawful affidavits, notices, challenges, and demands for proof of authority. These filings were time-stamped but intentionally suppressed and never docketed.

75. Clerk Middlestadt's refusal to enter Plaintiff's filings deprived him of:

- meaningful notice,

- an opportunity to be heard,

- the ability to challenge jurisdiction,

- the right to present defense materials,

- and the basic constitutional right of access to the courts.

76. At the November 20, 2025 hearing, Magistrate Berry failed to identify himself, muted Plaintiff, and refused to address jurisdictional challenges, violating fundamental procedural safeguards.

77. Administrator Ruby failed to remedy the filing suppression and denied Plaintiff access to public records necessary to prepare his defense.

78. Judge Kenneth Hoopes failed to act on Plaintiff's later filings, including a default motion, further contributing to the denial of access to justice.

79. Together, these defendants created a system where Plaintiff had no meaningful ability to assert his rights, violating the Fourteenth Amendment.

80. Plaintiff suffered ongoing harm, reputational damage, confusion, inability to obtain relief, and continuing constitutional injury.

## COUNT 3 — VIOLATION OF THE FIRST AMENDMENT (Suppression of Speech & Right to Petition)

### Against: Magistrate Berry, Clerk Middlestadt, Administrator Ruby, City of Muskegon Heights, Muskegon County

81. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

82. The First Amendment guarantees the right to speak, to petition the government for redress of grievances, and to access the courts. Defendants directly interfered with all three rights.

83. During the November 20, 2025 hearing, Magistrate Berry **muted** Plaintiff multiple times while Plaintiff attempted to:

- assert constitutional rights,

- read from his affidavit,

- challenge jurisdiction,

- and demand identification of the presiding officer.

84. Muting Plaintiff was not a procedural action — it was an intentional suppression of speech designed to silence his objections and prevent any constitutional challenge from entering the record.

85. Clerk Middlestadt suppressed Plaintiff's filings by refusing to docket affidavits and notices that were time-stamped and legally presented. This obstruction prevented Plaintiff from petitioning the government.

86. Administrator Ruby failed to respond to inspection notices and suppressed access to records, creating another barrier to Plaintiff's First Amendment rights.

87. Plaintiff's attempts to petition, object, challenge jurisdiction, and defend himself were systematically blocked, violating the First Amendment.

88. As a result, Plaintiff suffered constitutional harm, denial of transparency, emotional distress, and the inability to assert rights in a meaningful manner.

## COUNT 4 — VIOLATION OF THE FOURTEENTH AMENDMENT (Equal Protection)

**Against: Officer Rodriguez, Magistrate Berry, Clerk Middlestadt, Administrator Ruby, Muskegon County, City of Muskegon Heights**

89. Plaintiff incorporates all preceding paragraphs.

90. The Fourteenth Amendment guarantees equal protection under the law, meaning similarly situated individuals must be treated alike.

91. Defendants treated Plaintiff differently from other defendants by:

- refusing to docket his filings,

- failing to identity the magistrate,

- denying him access to public records,

- withholding video/audio evidence,

- suppressing his speech during the hearing,

- and providing no lawful notice of substitution.

92. Defendants created a two-tier system:
   Regular defendants receive due process and visible judicial identity — Plaintiff received neither.

93. The selective suppression of filings, concealment of judicial identity, and refusal to provide court access constitutes discriminatory treatment in violation of equal protection.

94. Plaintiff suffered harm when he was denied the same judicial transparency and procedural protections that other litigants receive as a matter of right.

## COUNT 5 — 42 U.S.C. § 1983 (Deprivation of Rights Under Color of Law)

**Against: All Defendants**

95. Plaintiff incorporates all preceding paragraphs.

96. Each Defendant acted "under color of law" by using their official positions as:

- magistrate,

- clerk,

- law enforcement officer,

- administrator,

- judge,

- and municipal entities

...to deprive Plaintiff of rights protected by the Constitution.

97. Defendants violated Plaintiff's:

- First Amendment rights (speech and petition),

- Fourth Amendment rights (unlawful seizure),

- Fifth Amendment rights (fundamental fairness),

- Fourteenth Amendment rights (due process & equal protection).

98. The suppression of filings, concealment of judicial identity, refusal to provide records, unlawful stop, and void tribunal demonstrate coordinated misuse of government power.

99. Each Defendant acted with deliberate indifference or intentional misconduct, causing Plaintiff constitutional injury.

100.    Plaintiff is entitled to compensatory damages, punitive damages, declaratory relief, and injunctive relief pursuant to § 1983.

## COUNT 6 — 42 U.S.C. § 1985(3) (Conspiracy to Interfere With Civil Rights)

**Against: Magistrate Berry, Clerk Middlestadt, Administrator Ruby, Judge Hoopes, City of Muskegon Heights, Muskegon County**

101.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

102.    Defendants engaged in coordinated actions to deprive Plaintiff of constitutional rights by:

- suppressing filings,

- denying FOIA records,

- concealing the identity of the presiding magistrate,

- obstructing access to the courts,

- refusing to correct records,

- failing to act on motions,

- and enforcing a void tribunal.

103.    Each Defendant took actions that were mutually reinforcing, aligned in timing, and consistent with a shared goal — to prevent Plaintiff from asserting his rights or exposing procedural defects.

104.    The concealment of Magistrate Berry's identity, the suppression of affidavits, and the obstruction of FOIA requests demonstrate a coordinated effort, not isolated misconduct.

105.    Defendants' conduct resulted in Plaintiff being denied equal protection, due process, and access to the courts, all injuries protected under § 1985(3).

106.    Plaintiff suffered harm, including emotional distress, loss of rights, and constitutional injury, as a result of this conspiracy.

## COUNT 7 — FOIA VIOLATIONS (Unlawful Denial of Public Records)

**Against: Clerk Middlestadt, Administrator Ruby, City of Muskegon Heights, Muskegon County**

107.    Plaintiff incorporates all preceding paragraphs.

108.    Plaintiff submitted multiple lawful FOIA requests seeking essential records, including:

- body-camera footage,

- dash-camera footage,

- police reports,

- magistrate oaths,

- delegations of authority,

- court bonds,

- hearing records,

- and evidence relied upon by the court.

109.   Defendants refused to produce records, ignored deadlines, demanded unlawful fees, or falsely claimed documents did not exist.

110.   The records withheld must exist by law and are essential for Plaintiff to verify the legitimacy and authority of the individuals who acted against him.

111.   The refusal to provide the identity, oath, bond, or authority of a judicial officer is a direct violation of transparency and public accountability.

112.   Defendants' FOIA violations deprived Plaintiff of his statutory right to examine public records and his constitutional right to prepare an adequate defense.

113.   As a result, Plaintiff was prevented from verifying jurisdiction, preparing filings, or understanding the legal basis for government action.


## COUNT 8 — FRAUD UPON THE COURT

### (Concealed Judicial Identity, False Judicial Designation, & Suppressed Filings)

**Against:** Magistrate Cavan Berry, Clerk Renee Middlestadt, Administrator Benjamin Ruby, Muskegon County
Plaintiff incorporates all preceding paragraphs as though fully stated herein.

114.    Fraud upon the court arises when court officers engage in conduct that undermines the integrity of the judicial process itself. It is the most serious category of judicial misconduct because it destroys the legitimacy of the tribunal. Defendants' actions satisfy this definition.

115.    Plaintiff received official notice assigning his case to Magistrate John W. Wiewiora. However, upon joining the hearing, an entirely different individual presided — without stating his name, role, authority, or jurisdiction on the record, in direct violation of due-process requirements and judicial canons.

116.    The presiding officer never identified himself during the hearing, leaving Plaintiff unaware of who was adjudicating the matter. Only *after* the proceeding did Plaintiff learn, through a post-hearing disposition, that the unidentified officer was Magistrate Cavan Berry.

117.    The court record falsely lists "Berry, Cavan J. — Judge of Record," even though Magistrate Berry is not an elected or appointed judge, and no lawful authority exists for a magistrate to simultaneously occupy the office of judge.

This misdesignation constitutes false judicial representation and deception on the official court record.

118.    Such concealment and mislabeling violate Michigan law, MCR 8.110, and fundamental due-process principles, which require that:

- judicial officers identify themselves on the record,

- parties receive notice of judicial substitution,

- judicial authority be proven when challenged, and

- court records accurately reflect the judicial officer's lawful status.

None of these requirements were met.

119.    Clerk

120.    contributed to the concealment by accepting Plaintiff's filings, time-stamping them, but never entering them into the official docket. Although Magistrate Berry later stated he had "reviewed" Plaintiff's filings, none of these documents appeared in the case record, and no filing was acknowledged or addressed in the hearing. The failure to docket Plaintiff's affidavits, jurisdictional challenges, notices, and objections deprived Plaintiff of a meaningful opportunity to be heard and ensured that no judicial review occurred on the record.

121.    Administrator Benjamin Ruby reinforced this concealment by refusing to provide public records, including oaths, bonds, and internal filings, which would have revealed the improper substitution and the falsified record.

122.    The combined effect of:
- a hidden magistrate,

- a false judicial title,

- suppressed court filings, and

- concealed authority records,
   constitutes fraud upon the court under federal and Michigan precedent, including *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *In re Murchison*, 349 U.S. 133 (1955).

123.    Because a tribunal presided over by an unidentified and misrepresented judicial officer is not a lawful court, all actions taken during the November 20, 2025 hearing are void ab initio.

124.    Plaintiff suffered:
- denial of due process,

- inability to assert constitutional rights,

- inability to challenge jurisdiction,

- inability to have filings reviewed,

- and direct harm from a proceeding carried out under deception and color of law.

## COUNT 9 — UNLAWFUL JUDICIAL SUBSTITUTION / VOID TRIBUNAL

**Against: Magistrate Berry, Clerk Middlestadt, Muskegon County**

125.    Plaintiff incorporates all preceding paragraphs as though fully stated herein.

126.    Plaintiff's hearing notice assigned his case to Magistrate John W. Wiewiora. Plaintiff attended the hearing using the exact Zoom link and courtroom credentials provided for Wiewiora.

127.    A different individual—later identified in the post-hearing disposition as Magistrate Berry—presided over the hearing. At no time did the presiding officer identify himself on the record, announce any substitution, or state his authority to act.

128.    Due process requires that a judicial officer clearly identify themselves on the record so that parties may verify the court's authority, oath, jurisdiction, and lawful assignment. This did not occur.

129.    Plaintiff had no notice of substitution and no reasonable way to determine who was adjudicating his matter until receiving the written disposition after the hearing concluded.

130.    A hearing conducted by an unidentified judicial officer, without notice of reassignment and without confirmation of authority, fails to meet basic constitutional and procedural requirements.

131.    Because the November 20, 2025 proceeding lacked a properly identified and lawfully assigned judicial officer, the tribunal was not validly constituted, and the actions taken during the hearing are **void ab initio**.

132.    Defendants' failure to provide lawful notice, proper identification, or verification of authority deprived Plaintiff of a fair and constitutionally compliant tribunal, violating his right to due process under the Fourteenth Amendment.

## Count 10 — Monell Liability (Policies, Customs, & Practices)

133.    Muskegon County maintains practices that allow hearings to proceed without proper judicial identification, suppress filings, ignore FOIA requests, and mute litigants, directly causing the constitutional violations suffered by Plaintiff.

## Count 11 — FAILURE TO TRAIN & SUPERVISE

96. Municipal Defendants failed to train clerks, administrators, officers, and judicial personnel on constitutional requirements, including identification, jurisdiction, FOIA compliance, and due-process safeguards.

## COUNT 12 — ONGOING RETALIATION, SUPPRESSION OF RIGHTS, AND POST-HEARING RIGHTS VIOLATIONS (Exhibit H)

### *(Against: Magistrate Berry, Clerk Renee Middlestadt, Administrator Ruby, Muskegon County)*

190. Plaintiff incorporates all preceding paragraphs as though fully stated herein.

191. After the November 20, 2025 hearing, Defendants continued to suppress Plaintiff's filings, withhold FOIA records, and refuse to docket Plaintiff's jurisdictional challenges and affidavits.

192. Clerk Renee Middlestadt, is the individual responsible for docketing filings in the Muskegon County matter, yet she failed to enter Plaintiff's filings into the record and provided no lawful justification.

193. Administrator Benjamin Ruby likewise refused to respond to correspondence and oversight requests, contributing to a pattern of obstruction.

194. The failure to process filings, respond to notices, or rule on outstanding motions constitutes retaliation and denial of access to the courts.

195. Defendants' actions chilled Plaintiff's exercise of constitutional rights and continued even after the matter was disposed, violating Plaintiff's First, Fifth, and Fourteenth Amendment rights.

## Count 13 — DENIAL OF ACCESS TO COURTS (Exhibit H)

98. Suppression of filings, unanswered motions, and denial of public records prevented Plaintiff from accessing the courts in a meaningful way, violating the First and Fourteenth Amendments.

## COUNT 14 — UNAUTHORIZED USE OF TRADEMARKED NAME / FALSE LIGHT / PRIVACY VIOLATION (Exhibit I)

99. *(Against: Muskegon County, City of Muskegon Heights)*

100. Plaintiff "Brandon Dale Olson™" is a protected common-law trademark and personal trade name.

101. Defendants published Plaintiff's trademarked name on government systems without consent and in connection with false, misleading, or incomplete information.

102. Defendants continued publishing the case on public systems even after Plaintiff was found "not responsible," creating a false impression that Plaintiff was associated with wrongdoing.

103. This constitutes false light, defamation per se, invasion of privacy, and unauthorized commercial use of Plaintiff's trademarked name.

104. Plaintiff suffered reputational, emotional, and commercial harm.

## COUNT 15 — FAILURE TO ENTER DEFAULT JUDGMENT IN FOIA LAWSUIT / DENIAL OF ACCESS TO COURTS (Exhibit E)

*Against: Judge Kenneth S. Hoopes*

105. Plaintiff incorporates all preceding paragraphs as though fully stated herein.

106. On October 23, 2025, Plaintiff filed a civil lawsuit in the 14th Circuit Court against the City of Muskegon Heights, the Muskegon Heights Police Department, and associated officials for violations of the Michigan Freedom of Information Act (MCL

15.231 et seq.], constitutional violations, and failure to produce required public records.

107.    Pursuant to Michigan Court Rules, Defendants were required to file an answer or responsive pleading within 21 days after service of the complaint.

108.    Defendants failed to answer, failed to respond, failed to appear, and took no action whatsoever within the statutory timeframe.

109.    On November 17, 2025, Plaintiff submitted a Motion for Default Judgment under MCR 2.603, accompanied by proof of Defendants' non-response and documentation establishing Defendants' default. (Exhibit F)

110.    Judge Kenneth S. Hoopes, presiding over the 14th Circuit Court, failed to enter default, failed to review or acknowledge Plaintiff's motion, and issued no order, no ruling, and no explanation for the refusal to act.

111.    No hearing was scheduled, no notice was provided, and no judicial action was taken, despite the filing of a legally sufficient default request.

112.    Judge Hoopes' refusal to rule on Plaintiff's default motion denied Plaintiff access to the courts and obstructed Plaintiff's right to obtain relief under the Michigan Freedom of Information Act.

113.    Judicial inaction where court rules require action constitutes (1) denial of due process, (2) denial of equal protection, and (3) violation of Plaintiff's First Amendment right to petition the government for redress of grievances.

114.    As a direct result of this failure, Plaintiff suffered harm including continued deprivation of public records, delayed access to information, procedural obstruction, and impairment of Plaintiff's ability to advance his civil claims.

## V. DAMAGES

Plaintiff has suffered constitutional, reputational, informational, and procedural injuries as a direct result of Defendants' actions. Plaintiff seeks:

1.  Compensatory damages in the amount of $177,600 for constitutional injuries, reputational harm, emotional distress, and loss of access to the courts.

2.  Punitive damages against individual Defendants for willful, reckless, and unlawful conduct undertaken under color of law.

3.  Correction and removal of all inaccurate or misleading public records related to the November 20, 2025 proceeding.

4.  Full compliance with all outstanding FOIA requests, including production of records unlawfully withheld.

5.  Declaratory and injunctive relief necessary to prevent further violations of Plaintiff's rights.

6.  Any additional relief this Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated Plaintiff's rights under the United States Constitution and federal law.
B. Order the correction or removal of inaccurate, unauthorized, or misleading public records concerning Plaintiff.
C. Require full FOIA compliance within a reasonable time set by the Court.
D. Enjoin Defendants from continuing the practices that gave rise to these violations, including suppression of filings, denial of records, and failure to identify judicial officers on the record.
E. Award compensatory and punitive damages as authorized by law.
F. Award costs, fees, and any other relief the Court finds appropriate.

Respectfully submitted,

Brandon Dale Olson™
All rights reserved, UCC 1-308, in harmony with UCC 1-103, without prejudice

c/o 759 Chatterson Rd
Muskegon, Michigan [49442]