UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DALE OLSON,

          Plaintiff,

v.

CITY OF MUSKEGON HEIGHTS, et al.

          Defendants.

_____/

Hon. Robert J. Jonker

Case No. 1:26-cv-371

## REPORT AND RECOMMENDATION

Presently before me is the Motion to Dismiss Count 1 of Plaintiff Brandon Olson's complaint of Defendants City of Muskegon Heights, Muskegon Heights Police Department, and Officer Rueda-Rodriguez. (ECF No. 35.) Olson has filed a response (ECF No. 37), and Defendants did not reply. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and **dismiss** this action.

### I.  Background

The Court's March 6, 2026 Order Regarding Report and Recommendation (ECF No. 19), limited this action to Olson's Claim 1 against Muskegon Heights Police Officer Rueda-Rodriguez, the City of Muskegon Heights, and the Muskegon Heights Police Department. Claim 1 asserts that Officer Rueda-Rodriguez violated Olson's Fourth Amendment rights by stopping his vehicle and detaining him without probable cause. Olson asserts that the City and the Police Department are liable on a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

To review, Olson alleges that on October 5, 2025, he was traveling in the City of Muskegon Heights "committing no crime, harming no one, and exercising the fundamental right to locomotion," when Officer Rueda-Rodriguez stopped his vehicle. (ECF No. 1 at PageID.3.) Olson alleges that there was no probable cause or warrant and no lawful authority to justify the stop. (ECF No. 1 at PageID.3.) He says that the stop "was initiated solely under color of statutory code, not constitutional law." (*Id.* at PageID.3-4.)

Olson alleges that he asked Officer Rueda-Rodriguez about the lawful basis of the stop, but she "provided none." (*Id.* at PageID.4.) This is not true, however, as the transcript from the November 20, 2025 informal hearing that Olson attaches to his complaint shows that Officer Rueda-Rodriguez initiated the stop after her radar indicated that Olson's pickup truck passed her cruiser traveling 44 miles per hour in a 30-mile per hour posted zone. (ECF No. 1-4 at PageID.48.) She also issued Olson a traffic citation. In other words, he was stopped for speeding in violation of Mich. Comp. Laws § 257.628.

In Count 1, Olson alleges that the stop was unlawful because there was "no crime," "no probable cause," "no reasonable suspicion," "no victim," "no breach of the peace," and "no lawful authority to detain [him]." (ECF No. 1 at PageID.12.)

## II.  Motion Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility

standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue. Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings") (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)). Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56. Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.    Discussion

#### A.    The Police Department

As Olson appears to concede in his response, he may not sue the Muskegon Heights Police Department because, under Michigan law, it is not an entity capable of being sued. *See May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)). Thus, the Police Department is properly dismissed from this action.

#### B.    Fourth Amendment Claim

"In order to effect a traffic stop, an officer must possess either probable cause of a civil infraction or reasonable suspicion of criminal activity." *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012); *see also United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) ("A police officer legally may stop a car when he has probable cause to believe that a civil traffic violation has occurred."). In Michigan, speeding is a civil infraction. Mich. Comp. Laws §§ 257.627(16), 257.628(9); *see Wolfbauer v. City of Berkley*, No. 305668, 2013 WL 1137136, at *1 (Mich. Ct. App. Mar. 19, 2013). Thus, Officer Reuda-Rodriguez was authorized to stop Olson's vehicle only if she had probable cause that he had committed a traffic violation. *Whren v. United States*, 517 U.S. 806, 810 (1996).

"Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion." *Blair*, 524 F.3d at 748. A police officer's observation of a traffic violation provides sufficient probable cause to authorize a traffic stop. *See, e.g., United States v. Street*, 614 F.3d 228, 232 (6th Cir. 2010); *United States v. Burton*, 334 F.3d 514, 517 (6th Cir.

4

2003). The relevant inquiry in determining whether an officer had probable cause to initiate a traffic stop "is fact-dependent and will turn on what the officer knew at the time he made the stop." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993). "[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *Id.*

As the foregoing authorities establish, probable cause is a legal conclusion to be made on the facts available to the officer at the time of the traffic stop. As Defendants note, the complaint provides no facts to support the conclusion that Officer Rueda-Rodriguez lacked probable cause to believe that Olson was not speeding. His allegations are conclusions, not facts, which provide no basis to infer that Officer Rueda-Rodriguez lacked a reasonable basis for belief that Olson was speeding. Although Olson is proceeding pro se, he is still obligated to allege facts, not just conclusions, plausibly supporting a Fourth Amendment violation, but he fails to meet this basic requirement.

The complaint alone is deficient, but becomes even more so when considered in conjunction with the transcript Olson attached to the complaint—which Olson swears is "a truthful accurate, and complete account of the November 20, 2025 Zoom proceeding involving Magistrate [Berry]." (ECF No. 1-4 at PageID.49.) At the hearing, Officer Rueda-Rodriguez testified that her radar indicated that Olson was traveling 44 miles per hour on a 30-mile-per-hour posted street, which provided the basis for the stop. (*Id.* at PageID.48.) This was a fact within her knowledge supporting probable cause. Moreover, as noted in my February 9, 2026 Report and Recommendation (ECF No. 86 at PageID.97), Magistrate Berry's finding at the hearing that Officer Rueda-Rodgriguez failed to meet her burden of proof under the preponderance of the evidence standard and *People v. Ferency*, 133 Mich. App. 526 (1984), provides no basis to

conclude that the traffic stop itself did not satisfy the lower threshold of probable cause, which was not at issue in the hearing.

Accordingly, because the complaint fails to meet the *Twombly*/*Iqbal* pleading standard set forth above, it is properly dismissed for failure to state a claim under Rule 12(b)(6).[1]

### C.    The City

Finally, Defendants assert that Olson's *Monell* allegations against the City, like his allegations against Olson, are merely conclusions that fail to allege a plausible claim under Section 1983. It is well established that a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 39 (2010) (citing *Monell*, 436 U.S. at 694). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Like other claims, municipal liability claims under *Monell* must meet *Twombly's* plausibility standard. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388–89 (6th Cir. 2017) (confirming that the Supreme Court's decisions in *Twombly* and *Iqbal* apply to *Monell* claims); *Rayfield v. City of Grand Rapids*, 373 F. Supp. 3d 962, 977 (W.D. Mich. 2018) ("Conclusory assertions [of a policy or custom] are not enough to state a *Twombly* plausible *Monell* claim.").

---

[1] Officer Rueda-Rodriguez also moves for dismissal based on qualified immunity. In light of my conclusion that the complaint fails to allege a constitutional violation, I find no need to address qualified immunity.

Here, Olson offers nothing more than conclusory assertions, as he fails to allege actual facts regarding a specific policy that caused his alleged injury. He alleges that the City is responsible "for maintaining policies, customs, and practices that directly contributed to the violations . . . including failure to train, failure to supervise, and tolerance of constitutional misconduct" (ECF No. 1 at PageID.3), and that the City "maintain[s] policies and practices that allow such unlawful stops, making them responsible under *Monell*." (*Id.* at PageID.13.) Such fact-barren allegations fall well short of what is required to allege a *Monell* claim. These are simply conclusions that do not suffice. Therefore, the *Monell* claim is also subject to dismissal.[2]

### III.   Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' Motion to Dismiss (ECF No. 35) and **dismiss** this action **with prejudice**.

Dated: June 8, 2026

  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

### **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] The *Monell* claim also fails because Olson does not allege a plausible Fourth Amendment violation against Officer Rueda-Rodriguez. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation.") (citing *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir. 2000)); *see also Przybysz v. City of Toledo*, 746 F. App'x 480, 484 (6th Cir. 2018) ("As a threshold matter, there can be no municipal liability under *Monell* when there is no constitutional violation").