UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
June 17, 2026 9:38 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR  SCANNED BY: AR / 6·17

BRANDON DALE OLSON®,

Plaintiff,

v.

CITY OF MUSKEGON HEIGHTS, et al.,

Defendants.

Case No. 1:26-cv-371

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Plaintiff Brandon Dale Olson respectfully submits the following objections to the Report and Recommendation entered on June 8, 2026.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1), the District Court must conduct a de novo review of those portions of the Report and Recommendation to which specific objections are made.

**OBJECTION NO. 1**

**THE REPORT IMPROPERLY RESOLVES DISPUTED FACTUAL ISSUES, ACCEPTS DEFENDANTS' VERSION OF EVENTS, DRAWS INFERENCES AGAINST PLAINTIFF, AND MISCHARACTERIZES PLAINTIFF'S ALLEGATIONS AS MERE CONCLUSIONS**

A Rule 12(b)(6) motion tests the sufficiency of the pleadings. The Court must accept well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

The Report departs from this standard by accepting Officer Rueda-Rodriguez's version of events as established fact. The Report concludes that probable cause existed because the officer later testified that radar displayed 44 miles per hour in a 30 mile per hour zone.

The existence, reliability, accuracy, and sufficiency of the alleged radar reading remain disputed factual matters. By accepting Defendant's factual assertions while rejecting Plaintiff's allegations, the Report improperly resolves factual disputes at the pleading stage.

The Report further characterizes Plaintiff's allegations as mere conclusions. Plaintiff respectfully objects to that characterization. Plaintiff alleged that the stop lacked lawful constitutional

justification, that the asserted basis for the stop remains disputed, and that Defendants have not produced evidence sufficient to resolve those disputes. Those allegations present factual issues that cannot be resolved on a motion to dismiss.

**OBJECTION NO. 2**

**THE REPORT IMPROPERLY RELIES UPON EXTRA-PLEADING MATERIALS AND TREATS DISPUTED TESTIMONY AS ESTABLISHED FACT**

The Report relies heavily upon hearing materials and testimony presented during the underlying traffic proceeding.

While courts may consider certain materials attached to a complaint, such materials are not properly used to resolve disputed factual questions against the plaintiff. See Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008).

The Report states that Plaintiff's allegation is "not true" because the officer later testified that radar indicated Plaintiff was speeding. At the Rule 12(b)(6) stage, however, the Court's role is not to determine which version of events is correct.

The existence of testimony does not establish the truth of that testimony as a matter of law. Whether a radar reading existed, whether it was accurate, whether equipment was properly maintained, whether proper procedures were followed, and whether other evidence corroborates Defendant's account are factual matters requiring evidentiary development.

**OBJECTION NO. 3**

**THE REPORT FAILS TO LIBERALLY CONSTRUE PLAINTIFF'S PRO SE PLEADING**

Plaintiff proceeds without counsel.

Pro se pleadings must be liberally construed and held to less stringent standards than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519 (1972). See also Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011).

Rather than construing the Complaint liberally, the Report construes ambiguities against Plaintiff and resolves disputed factual matters in favor of Defendants.

**OBJECTION NO. 4**

**THE REPORT PREMATURELY RECOMMENDS DISMISSAL BEFORE DISCOVERY CAN OCCUR**

Plaintiff has not been afforded any meaningful opportunity to obtain discovery concerning evidence uniquely within Defendants' possession.

Such evidence includes, but is not limited to:

- Body-worn camera recordings;
- Dash-camera recordings;
- Radar calibration and maintenance records;
- Officer training and certification records;
- Dispatch communications;
- Internal policies, procedures, and supervisory communications;
- Municipal records relevant to training, supervision, and recordkeeping practices;
- Other records relevant to the basis for the stop and Plaintiff's claims.

Discovery has never occurred despite Plaintiff's allegations concerning the conduct of multiple officers, the circumstances surrounding the traffic stop, the handling of records requests, and the City's potential liability under Monell.

Plaintiff does not possess access to internal communications, training materials, supervisory records, policy documents, body-camera footage, dispatch records, or other evidence maintained by Defendants. The absence of discovery prevents Plaintiff from fully developing facts relevant to the existence of probable cause, officer conduct, municipal liability, training practices, supervision, recordkeeping practices, and other matters directly at issue in this case.

The Report further concludes that Plaintiff failed to sufficiently identify a municipal policy or custom. Plaintiff respectfully objects because discovery has never occurred and the records necessary to evaluate municipal policies, training practices, supervision, internal communications, and departmental customs remain within Defendants' exclusive possession.

Plaintiff cannot reasonably be expected to plead detailed facts concerning municipal practices while simultaneously being denied access to the very records that would reveal whether such practices exist.

The Report concludes that Plaintiff failed to sufficiently allege both a constitutional violation and a municipal policy or custom. However, dismissal at the pleading stage effectively requires Plaintiff to plead detailed facts concerning matters that remain exclusively within Defendants' possession and control.

By recommending dismissal before discovery has occurred, the Report forecloses Plaintiff's opportunity to determine the existence or non-existence of evidence relevant to his claims. Where critical facts remain uniquely within Defendants' control, dismissal at the pleading stage should be approached with particular caution.

**OBJECTION NO. 5**

**DISMISSAL WITH PREJUDICE IS IMPROPER AND PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND**

Even assuming the Court concludes that additional factual allegations are required, dismissal with prejudice is unwarranted.

Plaintiff maintains that the Complaint already states a plausible claim for relief and seeks amendment only in the alternative should the Court determine additional factual detail is necessary.

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff has not previously been afforded a meaningful opportunity to amend Count I to address the specific concerns identified in the Report.

Accordingly, if the Court concludes that additional factual detail is necessary, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

**OBJECTION NO. 6**

**THE REPORT FAILS TO MEANINGFULLY ADDRESS PLAINTIFF'S CONSTITUTIONAL ALLEGATIONS**

Plaintiff's claim is not merely that a traffic citation was issued.

Rather, Plaintiff alleges that constitutional protections secured by the Fourth Amendment were violated through an unlawful detention lacking lawful constitutional justification.

The Report focuses primarily upon statutory traffic authorities and generalized probable-cause principles while failing to meaningfully address Plaintiff's allegation that constitutional limitations upon governmental authority were exceeded.

Whether Plaintiff ultimately prevails on those constitutional claims should be determined upon a complete factual record rather than through dismissal at the pleading stage before discovery has occurred.

**CONCLUSION**

The Report and Recommendation resolves disputed factual matters against Plaintiff, accepts Defendants' version of events as true, relies upon disputed testimony as though it were established fact, and recommends dismissal before Plaintiff has been afforded a meaningful opportunity to obtain discovery concerning evidence exclusively within Defendants' possession.

For the foregoing reasons, Plaintiff respectfully requests that the District Judge reject the Report and Recommendation, deny Defendants' Motion to Dismiss, permit this matter to proceed into discovery, or alternatively grant Plaintiff leave to amend if necessary.

**Respectfully submitted,**

**Brandon Dale Olson®**
All rights reserved, UCC 1-308, in harmony with UCC 1-103
Without prejudice, without recourse
759 Chatterson Rd
Muskegon, Michigan [49442]

---

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17 2026, a true and correct copy of the foregoing Plaintiff's Objections to Report and Recommendation was served upon all counsel of record appearing in this action by electronic mail and United States Certified Mail.

Respectfully submitted,

**Brandon Dale Olson®**
All rights reserved, UCC 1-308, in harmony with UCC 1-103
Without prejudice, without recourse
759 Chatterson Rd
Muskegon, Michigan [49442]