UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DALE OLSON,

     Plaintiff,

-vs-                                                                    Case No: 1:26-371
                                                Honorable Robert J. Jonker

CITY OF MUSKEGON HEIGHTS, et al,

     Defendants

_____

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

### INTRODUCTION

Defendants City of Muskegon Heights, Muskegon Heights Police Department, and Officer Rueda-Rodriguez (collectively, "Defendants") respectfully submit this Response to Plaintiff's Objections (ECF No. 39) to the Report and Recommendation ("R&R") entered June 8, 2026 (ECF No. 38). The R&R thoroughly analyzes Plaintiff's sole remaining claim – a constitutional challenge to the validity of the traffic stop – and found that Plaintiff has failed "to meet the *Twombly/Iqbal* pleading standard..." and thus his claim "is properly dismissed for failure to state a claim under Rule 12(b)(6)." (ECF No. 38, PageID.328). In Plaintiff's Response, he does not identify any specific legal error in the R&R and instead recycles arguments already considered and rejected by the Magistrate Judge.

Defendants agree with the R&R in its entirety and respectfully request that this Court overrule Plaintiff's objections, adopt the R&R, grant Defendants' Motion to Dismiss Count 1, and dismiss this action with prejudice for the reasons set forth below and in the R&R.

1

**ARGUMENT**

### A. Response to Objections 1 and 2

Plaintiff's first objection contends that the Magistrate Judge improperly departed from the *Iqbal* pleading standard by treating "Officer Rueda-Rodriguez's version of events as established fact." (ECF No. 39, PageID.330). However, under well established case law in the Sixth Circuit, when presented with a 12(b)(6) motion "a court may consider the Complaint *and any exhibits attached thereto*… so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added). Plaintiff's brief objection asserts that probable cause did not exist because the alleged radar reading remains disputed factually, yet it was the transcript that he himself attached to his Complaint that indicates the opposite.

As the R&R discusses, Plaintiff's own exhibit, which Plaintiff has sworn to be "a truthful[,] accurate, and complete account of the November 20, 2025 Zoom proceeding" contains testimony that Plaintiff was speeding. (ECF No. 38, PageID.327 (citing Plaintiff's Exhibit at ECF No. 1-4, PageID.49). Plaintiff's speed (14 mph over the posted limit) was a fact in Officer Rueda-Rodriguez's knowledge that supported probable cause for the traffic stop. *Id.* See also *United States v. Hill*, 195 F.3d 258, 267 (6th Cir. 1999) (upholding the district court's determination that an officer had probable cause to stop a speeding vehicle).

Moreover, Plaintiff has still not provided any facts to support his argument that Officer Rueda-Rodriguez lacked probable cause as both the Defendant's Motion to Dismiss and the R&R note. (ECF No. 38, PageID.327). Mere conclusory remarks, even when proceeding pro se, are not enough to meet the basic pleading requirement under the *Twombly/Iqbal* standard. (*Id.* at PageID.328).

Plaintiff's objection as to the Report relying on his own attached exhibits is unfounded in law as he himself relies on the attached exhibits throughout his Complaint and the exhibits are central to his claims. See *Bassett*, 528 F.3d at 430. Additionally, Plaintiff seems to misunderstand the R&R's conclusion: it is not that Plaintiff's allegation is "not true" but that his own exhibit, which he swore was accurate, contradicted his own argument. Plaintiff cannot attach an exhibit to his Complaint, swear to its accuracy, and then argue that its contents are instead "disputed" for purposes of Rule 12(b)(6).

## B. Response to Objection 3

Plaintiff objects on the grounds that the R&R fails to construe the Complaint liberally in his own favor. Yet, Plaintiff fails to identify what sections or passages of the R&R that "construes ambiguities against Plaintiff and resolves disputed factual matters in favor of Defendants." (ECF No. 39, PageID.331). Instead, Plaintiff's three sentence objection is lacking in substance. A plaintiff must allege more than mere "conclusory allegations or legal conclusions masquerading as factual conclusions [as those] will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). The R&R acknowledged that Plaintiff was proceeding pro se but nevertheless found that his allegations have been conclusory and warranting dismissal. Defendants agree.

## C. Response to Objection 4

Plaintiff asserts that dismissal in this action is premature because discovery has not yet occurred. Although Rule 8 is more generous than previous iterations, the Supreme Court found that it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" cautioning that, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1950,

173 L. Ed. 2d 868 (2009). Only once a plaintiff has alleged facts sufficient to show that the claims are plausible does the case move into discovery. *Id.* Plaintiff's threadbare assertions are indicative of precisely the types of complaints that the Supreme Court was concerned about when it decided *Iqbal* and *Twombly*.

Plaintiff's complaint, taken together with his own sworn exhibit, fails to allege facts plausibly showing that Officer Rueda-Rodriguez lacked probable cause to initiate the traffic stop. The desire for further evidence does not create a right to proceed past the pleading stage where the complaint's factual allegations are insufficient. Furthermore, Plaintiff has failed to object specifically to the R&R and its conclusions regarding his *Monell* claim against the City. Plaintiff alleges generally that the City maintained "policies, customs, and practices" contributing to constitutional violations, including "failure to train, failure to supervise, and tolerance of constitutional misconduct." These are precisely the kind of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that *Iqbal* holds insufficient. 556 U.S. at 678.

Where, as here, there is no plausible underlying Fourth Amendment violation, "there can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). Thus, on the multiple grounds discussed, Plaintiff's claim fails.

### D. Response to Objection 5

Plaintiff is correct in that Federal Rule of Civil Procedure 15(a) provides that amendment to the pleadings is warranted when justice requires. Despite this, Plaintiff has not identified any new factual allegations that would save his Complaint from dismissal, nor does he attempt to cure any of the deficiencies he vaguely identifies in the R&R. Plaintiff also

has not demonstrated in any way how an amendment of his pleadings would not be futile. After all, it is well settled that a court may deny leave to amend based on "futility of amendment." *Prater v. Ohio Educ. Ass'n.*, 505 F.3d 437, 445 (6th Cir. 2007); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has failed to address how his case's fatal deficiency, his own sworn exhibit, could be remedied by an amendment to his Complaint. The fact relied on in Officer Rueda-Rodriguez's testimony, that her radar indicated Plaintiff was speeding at 44 miles per hour in a zone with a posted limit of 30 miles per hour, supports her finding of probable cause for the traffic stop. Plaintiff has not suggested anything that he could contribute factually to address this fatal flaw. Accordingly, leave to amend should be denied based on futility.

### E. Response to Objection 6

Finally, Plaintiff has objected on the grounds that he was not merely subjected to a traffic citation, but also to an unlawful detention at the hands of the City and its police officers. Plaintiff's sole argument on this point is that the "Report focuses primarily upon statutory traffic authorities… while failing to meaningfully address Plaintiff's allegation that constitutional limitations upon governmental authority were exceeded." (ECF No. 39, PageID.333). Yet, the R&R spends three pages detailing his Fourth Amendment claim and directly addresses how the traffic stop had probable cause. (ECF No. 38, PageID.326-328). The Fourth Amendment does not prohibit all traffic stops as Plaintiff would like, instead it only prohibits those made without probable cause of a civil infraction or reasonable suspicion of criminal activity. *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012). Plaintiff's conclusory allegations to the contrary are just that – nothing more than baseless

legal conclusions. Dismissal is warranted at this stage as evidenced by Plaintiff's own sworn exhibit.

### F.  Plaintiff has Failed to Object as to the Muskegon Heights Police Department

It should be noted that Plaintiff has failed to object as to the R&R's conclusions as to the Muskegon Heights Police Department being an entity incapable of being sued under Michigan law. As Plaintiff has advanced no objection to this point, at a minimum the Muskegon Heights Police Department should be dismissed.

### CONCLUSION

None of the assertions of Plaintiff provide justification for this Court to pivot from the well-reasoned conclusions of the Report and Recommendation. Plaintiff's threadbare allegations and legal conclusions do not warrant this case advancing to discovery and Plaintiff has failed to allege any facts that would render an amendment to his Complaint anything but futile.

WHEREFORE, Defendants respectfully request this Honorable Court to overrule Plaintiff's Objections (ECF No. 39), adopt the Report and Recommendation in its entirety (ECF No. 38), grant Defendants' Motion to Dismiss (ECF No. 35), and dismiss Plaintiff's Complaint (ECF No. 1) with prejudice along with any other relief as this Court deems just and proper.

Respectfully Submitted,

PLUNKETT COONEY

Dated: June 23, 2026                    By:____/s/ Evan P. Irvine_____
                                        Charles L. Bogren (P82824)
                                        Michael S. Bogren (P34835)
                                        Evan P. Irvine (P88872)
                                        Attorneys for Defendant
                                        333 Bridge St., NW Suite 530
                                        Grand Rapids, MI 49504
                                        (616) 752-4600
                                        cbogren@plunkettcooney.com
                                        mbogren@plunkettcooney.com
                                        eirvine@plunkettcooney.com