UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DALE OLSON,

       Plaintiff,

                                                  CASE No. 1:26-CV-371

v.

                                                 HON. ROBERT J. JONKER

CITY OF MUSKEGON HEIGHTS, et al.,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

### INTRODUCTION

Defendant Officer Rueda-Rodriguez stopped and ticketed Plaintiff Brandon Olson for speeding when Plaintiff passed her police car and on-board radar clocked the car going well above the posted limit. After a zoom hearing, the State Court Magistrate dismissed the ticket because he found nothing of record to verify the accuracy and good working order of the officer's radar at the beginning and end of the relevant shift.   Despite prevailing in the proceeding, Plaintiff filed this federal lawsuit on February 4, 2026.   The bulk of Plaintiff's Complaint is a series of objections to the decisions State Court judges and administrative personnel made along the way before the ruling in his favor.   The Magistrate Judge recommended the Court dismiss those claims and the Court agreed on de novo review over Plaintiff's objections that those claims were subject to dismissal for the reasons stated in a March 6, 2026, Order. (ECF No. 19).

What remains is the Fourth Amendment claim relating to the initial speeding stop raised against Officer Rueda-Rodriguez, the City of Muskegon Heights, and the Muskegon Heights Police Department.   On April 14, 2026, the defendants filed a motion to dismiss that claim.

(ECF No. 35). On June 8, 2026, the Magistrate Judge issued a Report and Recommendation that determined the motion should be granted and this case dismissed. (ECF No. 38). Plaintiff objects. (ECF No. 39).

The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 38) and Plaintiff's Objection to the Report and Recommendation (ECF No. 39). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.

On de novo review, the Court agrees with the Magistrate Judge that the remaining claim against the city and police department should be dismissed. Plaintiff's objections fail to deal in a meaningful way with the Magistrate Judge's analysis. The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments and the governing law. The Magistrate

2

Judge properly analyzed Plaintiff's claims against the city and police department.   Nothing in Plaintiff's objections changes the fundamental analysis as to these defendants.

The Court also agrees with the Magistrate Judge after its de novo review that Plaintiff had failed to allege any facts showing that Officer Rueda-Rodriguez did not have a lawful basis to initiate the stop.   As the Magistrate Judge recognized, "to effect a traffic stop, an officer must possess either probable cause of a civil infraction or reasonable suspicion of criminal activity." *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012).   Here, the materials attached to Plaintiff's complaint confirmed that the basis of Officer Rueda-Rodriguez's traffic stop was for the civil infraction of speeding, and not for criminal activity.

Yet, as the Magistrate Judge noted, it appears that Plaintiff is making a frivolous legal argument that he has a constitutional right not to be stopped by the police for operating his motor vehicle in a manner that violates the Motor Vehicle Code, so long as he is not engaged in a crime. He complains, for example, that his stop was initiated "solely under color of statutory code, not constitutional law" (Compl. ¶ 3) and in a similar vein further alleges that it was "not based on public safety or probable cause but solely on statutory code enforcement."   (Compl. ¶ 69). The Court agrees with the Magistrate Judge that this is not a cognizable claim.

To the extent that Plaintiff's objections can be read as asserting that he is also alleging a lack of probable cause for the speeding stop, the Court determines that stretches the scant allegations in the Complaint too far.   The basic issue here is well recognized in civil procedure. It asks whether Plaintiff has alleged enough to state a plausible claim consistent with Rule 8 and well-established case law including *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   Recognizing that courts should apply a lenient lens to pro se pleadings, the Magistrate Judge determined that Plaintiff's claim in Count I still came up

short.   Even under a generous read, the Magistrate Judge determined that Plaintiff's complaint contained nothing than formalistic labels and conclusions.   Plaintiff's objection primarily asserts that the Magistrate Judge improperly accepted the defense's version of events over Plaintiff's version.   But that is not what the Magistrate Judge did.   Rather, the Magistrate Judge simply observed that Plaintiff had offered *no version* of facts at all to support a claim that the traffic stop lacked probable cause.   This is an accurate read of Plaintiff's complaint because the only factual allegations are that Defendant Rueda-Rodriguez seized Plaintiff on October 5, 2025, while he was driving in the city of Muskegon Heights.   Plaintiff then makes a conclusory contention that because he had not committed a crime, there was no lawful basis for the seizure.   As the Magistrate Judge properly observed, this was not enough to survive Rule 12.

Beyond that plaintiff himself attached the transcript of the hearing at which the officer testified under oath about what she observed on her radar.   Plaintiff never denied or challenged her sworn assertion that Plaintiff was speeding.   And neither did the hearing officer.   Instead, the hearing officer ruled the claim was not established by a preponderance of the evidence because there was no testimony of "same day" calibration of the radar.   That may be enough to defeat a preponderance finding under Michigan law, but it no way undermines the original basis for a probable cause stop especially where, as here, Plaintiff's complaint does not dispute that he was speeding.

### CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 38) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 35) is **GRANTED**,

5

       **IT IS FURTHER ORDERED** that this case is **DISMISSED.**

       A separate Judgment shall issue.

Dated:    <u>June 23, 2026</u>           <u>/s/ Robert J. Jonker</u>
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE